# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2020

Lyle W. Cayce
Clerk

No. 19-60429
Summary Calendar

GLENDA JAMILETH CRUZ-DE HERNANDEZ; ANTHONY BLADIMIR HERNANDEZ-CRUZ,

*Petitioners*,

*versus*

WILLIAM P. BARR, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A209 842 594 & A209 842 595

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Glenda Jamileth Cruz-De Hernandez, on behalf of herself and her minor son, natives and citizens of El Salvador, seeks review of the Board of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60429

Immigration Appeals' (BIA) dismissing her appeal from the denial of her application for asylum and withholding of removal.

Cruz contends: she suffered past persecution due to her membership in the particular social group, "single El Salvadoran working mothers unable to protect her family from persecution by the Mara gangs"; the BIA failed to conduct fact-finding on her membership in the two additional social groups of "victims of domestic abuse unable to leave their relationship" and "known immediate family members of Glenda Jamileth Cruz de Hernandez"; the government of El Salvador was unable or unwilling to protect her from persecution; there is a clear probability of persecution upon her return; and the Immigration Judge (IJ) erred by finding she was not a credible witness. Because Cruz' contentions fail regardless of her credibility, this final issue is not addressed.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* at 518 (internal quotation marks and citation omitted).

To qualify for asylum, an applicant must demonstrate either past persecution, or a well-founded fear of future persecution, based on one of five enumerated grounds, including, as relevant here, membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A) and 1158(b)(1).

Cruz testified that gang members in El Salvador attempted to recruit her son by bullying him and, on one occasion, pushing him down some stairs. Notwithstanding this incident, Cruz did not provide evidence of threats directed at her or other, more serious threats. She has not, therefore, shown

the BIA's dismissal lacked substantial evidence. *See, e.g.*, *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (holding that taunting from fellow students constituted "mere denigration, harassment, and threats" and did not amount to past persecution).

We lack jurisdiction to consider Cruz' membership in the two newly defined groups ("victims of domestic abuse unable to leave their relationship"; "known immediate family members of Glenda Jamileth Cruz de Hernandez") because Cruz did not present either of these groups to the IJ or BIA. 8 U.S.C. § 1252(d)(1); *see Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) ("Failure to exhaust an issue creates a jurisdictional bar as to that issue.") (citation omitted).

For the first of her final three claims, Cruz' brief does not maintain she has a well-founded fear of future persecution outside of a single sentence. Accordingly, she has abandoned this claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Her failure to establish either past persecution or a well-founded fear of future persecution renders her contention concerning the El Salvadorian government irrelevant. And, her failure to establish eligibility for asylum necessarily defeats her claim for withholding of removal. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

DISMISSED IN PART; DENIED IN PART.